IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CR-00224-DGK |
| | ) | |
| LATOYCE STOCKMAN, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Pending before the Court is the Government's Motion for Application of Seized Funds to Pay Attorneys' Fees of Appointed Counsel (doc. 495). The Government has moved that $30,000 found in a cooler in the closet of Defendant's bedroom at the time of his arrest should be applied towards payment of his appointed attorney. The Government contends that under 18 U.S.C. § 3006A, these funds are now "available" and should be used to satisfy some portion of Defendant's attorney's fees in this case.

Defendant notes that,

> Before a finding of 'availability' can properly be made, the district judge should be satisfied that, in ordering reimbursement in any specified amount, the defendant will not suffer extreme hardship as a consequence of being deprived of his funds. In every case, the needs of the defendant himself must be considered: if he is sentenced to imprisonment, he may, nonetheless, require some funds to fulfill basic personal needs. The amount, of course, may vary, depending upon whether the prison term is for two months or twenty years. Additionally, the court should be sensitive to the defendant's responsibilities to his family, if any.

*United States v. Bracewell*, 569 F.2d 1194, 1199 (2nd Cir. 1978). Defendant contends that although he is not married and does not have any children, he does live with his mother for whom he provides "monies and services such as home and vehicle maintenance and repairs."

Resp. (doc. 546) at ¶ 6. Defendant suggests that, "Under *Bracewell*, it will likely be necessary for defendant to be sentenced before a determination can be made as to whether any amount from the $30,000 in question should be applied to attorney fees." *Id.* at ¶ 7.

"Once an individual has demonstrated an inability to pay the costs of his defense, repayment should be ordered under § 3006A(f) only after a full inquiry into his actual ability to bear those costs." *Museitef v. United States*, 131 F.3d 714, 716 (8th Cir. 1997). Money is not "available" under § 3006A(f) if it is needed by the defendant to provide for his family. *United States v. Dominguez-Calderon*, No. 07-20099-19, 2010 WL 1424335, at *2 (D. Kan. April 5, 2010). In the usual case, the inquiry need not take the form of an evidentiary hearing. *United States v. Embry*, 128 F.3d 584, 585 (7th Cir. 1997). The district court need only consider the defendant's claims and make appropriate findings in a written order. *Id.*

In the present case the Court believes it can make a determination before sentencing as to whether any of the $30,000 should be applied to appointed counsel's fees. Although Defendant has indicated he provides financial support for his mother, he has not provided any proof of this. Accordingly, the Court orders the parties to submit by May 17, 2011 any evidence it would like the Court to consider in determining how much, if any, of the $30,000 is "available" under § 3006A(f) to pay appointed counsel.

**IT IS SO ORDERED.**

Date:  May 2, 2011                         /s/ Greg Kays
                                                              GREG KAYS, JUDGE
                                                              UNITED STATES DISTRICT COURT